NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONA BELDINI,<br><br>Defendant. | Civil Action No.: 09-637 (JLL)<br><br><br>ORDER |

Currently before the Court are various motions *in limine* made by the Defendant and the Government. The Court held a hearing on these motions on January 20, 2010. The Court has considered the submissions of the parties and the arguments made at the hearing, and, for the reasons set forth on the record at the January 20 hearing,

It is on this 21st day of January, 2010,

**ORDERED** that Defendant's motion to dismiss the indictment based on outrageous government conduct is DENIED; and it is further

**ORDERED** that Defendant's motion to dismiss Counts 1-3 of the superseding indictment as insufficient under the Hobbs Act is DENIED; and it is further

**ORDERED** that Defendant's motion to dismiss Counts 4-6 of the indictment, based on an argument that the statute is facially unconstitutional, is DENIED; and it is further

**ORDERED** that Defendant's motion for a pre-trial James hearing is DENIED without prejudice. The defendant may raise an objection to alleged co-conspirator statements when they are being offered as evidence; and it is further

**ORDERED** that Defendant's motion for a minimization hearing regarding the wiretaps is DENIED. Defendant has failed to make any specific assertion of abuse. The Government has provided to the Court the minimization instructions given to agents as well as the ten-day reports submitted to Judge Greenaway. The court finds that, considering the scope and purpose of the alleged conspiracy in this case, the nature of the conversations seeking to be intercepted, the minimization instructions given to the agents, and the degree of judicial supervision exercised by Judge Greenaway, the government has complied with its minimization requirement; and it is further

**ORDERED** that the Defendant's motion reserving her right to challenge the authenticity and admissibility of any wiretap evidence is GRANTED; and it is further

**ORDERED** that Defendant's motion for discovery of the prosecution's instructions on the law given to the Grand Jury is DENIED; and it is further

**ORDERED** that Defendant's motion pursuant to 404(b) to preclude evidence related to an alleged failure by Defendant to file tax returns for Charles B. Swensen is GRANTED. The Government has represented to this Court that it does not intend to use the tax returns in its case in chief; and it is further

**ORDERED** that Defendant's motion pursuant to 404(b) to preclude evidence related to the handling of campaign contributions received by Defendant is DENIED; the evidence is admissible, subject to a limiting instruction. Defense counsel shall provide to this Court prior to the first trial day a proposed limiting instruction, and the Government shall notify the Court prior to questioning on this subject; and it is further

**ORDERED** that any Jencks or Giglio material not already produced shall be produced by

the Government at least two (2) days prior to the testimony of each witness. Defendant shall produce any reverse Jencks material at least two (2) days prior to testimony of each witness; and it is further

> **ORDERED** that Defendant's motion for additional discovery of
>
> 1. Dwek FBI reports relating to contact with Jack Shaw, Edward Cheatam, or Defendant is MOOT. The Court is satisfied that the submissions by the Government to date are adequate as stated on the record;
>
> 2. Copies of Dwek's text messages during the time of the conspiracy, including messages to and from law enforcement, Shaw, Cheatam, and any other witness is GRANTED. The Government shall provide to Defendant any texts required to be produced under Brady, Giglio, or Jencks;
>
> 3. The accounting of all reimbursement funds paid by the Government to Dwek during the period of his cooperation is MOOT. The Government also has represented that Dwek is not a paid informant;
>
> 4. Copies of Dwek's tax returns and financial statements for the years Dwek was working for the Government (2006, 2007, 2008, and 2009) is MOOT;
>
> 5. All records pertaining to Dwek's bankruptcy proceedings is MOOT; and
>
> 6. Grand jury transcripts is DENIED to extent that Defendant seeks information related to the legal instructions given to the grand jury, and GRANTED to the extent that Defendant seeks any Jencks material. The Government shall provide to Defendant any grand jury material required to be produced under Brady, Giglio, or Jencks in the time previously set forth by this Court for each of these types of materials; and it is further

**ORDERED** that Defendant's motion for the preservation of government agent rough notes is GRANTED; and it is further

**ORDERED** that the Government's motion to bar questioning regarding the marital infidelity of its witness is GRANTED as agreed upon by counsel; and it is further

**ORDERED** that the Government's motion to bar argument to the jury or witness

questioning suggesting that the prosecution of Defendant was politically motivated is GRANTED; and it is further

**ORDERED** that the Government's motion for reciprocal discovery is GRANTED. In addition to any reverse Jencks materials addressed above, Defendant shall produce by Monday, January 25, 2010, to the Government any photographs, books, papers, documents, data, or other tangible object (not previously provided by the Government to Defendant) that the Defendant intends to use in her case in chief; and it is further

**ORDERED** that Defendant and the Government shall provide to this Court by Monday, January 25, 2010, a list of any disputed jury instructions. The objections should be in the following form: for each instruction for which Defendant has an objection, the submission should provide the Government's proposed version with any supporting citations followed by Defendant's specific objection, including proposed alternative language and any supporting citations; and it is further

**ORDERED** that neither party shall file any additional motions without prior leave of this Court; and it is further

**ORDERED** that the Clerk shall terminate CM/ECF No. 46 pursuant to the rulings in this Order.

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE